Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorney for Plaintiff Tracy Lewis*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Tracy Lewis,<br><br>                    Plaintiff,<br><br>v.<br><br>LendingPoint LLC d/b/a/<br>LendingPoint,<br><br>                    Defendant. | Case No. 2:17-cv-3120<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, ET SEQ., CONVERSION AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.  Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress has passed the Electronic FundsTransfers Act ("EFTA") to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system and to protect the individual rights of consumers.

2.  Tracy Lewis ("Plaintiff"), by and through her attorneys, brings this action to challenge the numerous violations of EFTA by LendingPoint LLC d/b/a/

LendingPoint ("Defendant"), as well as Defendant's conversion of Plaintiff's property and Defendant's breach of the contract it drafted.

3.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4.   Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

5.   This action arises out of Defendant's numerous violations of EFTA, Defendant's commission of the common law tort of conversion, and Defendant's breach of contract.

6.   This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 for the federal claims arising under EFTA and supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the supplemental state claims arising under state tort and contract laws.

7.   Defendant is subject to personal jurisdiction in the State of Nevada, and venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §1391, because Defendant does considerable business in Nevada; this case arises out of conduct taken by Defendant in Nevada or which specifically and purposefully targeted and affected property and individuals located in Nevada; and this case arises out of a contract entered into in Nevada.

## PARTIES

8.   Plaintiff is a natural person who resides in Elko County, Nevada and a "consumer" as defined under 41 U.S.C. § 1693a(6).

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

9.   Upon information and belief, Defendant is a Limited Liability Company headquartered in Kennesaw, Georgia.

10.  Defendant is a "person" as defined under Regulation E in 12 C.F.R. 1005.2(j) and used throughout the EFTA.

11.  The term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or  credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. 15 U.S.C. §1693a(7).

### FACTUAL ALLEGATIONS

12.  On or about September 21, 2016, Plaintiff entered into a loan agreement ("the loan agreement") with Defendant.

13.  As it is not relevant or material to this action, Plaintiff currently takes no position as to the validity of the loan agreement as a whole.

14.  The loan agreement provided for Defendant to automatically withdraw monthly payments of $630.31 from Plaintiff's bank account on the 5th of each month through "electronic fund transfers" as the term is defined under 41 U.S.C. § 1693(7).

15.  The loan agreement contained a section titled "11. Payment Method Authorization" (Section 11)  in which an X appeared next to the words "ACH Debit Authorization."

16.  Section 11 proceeded to discuss terms and disclosures regarding Plaintiff's purported authorization for Defendant to withdraw periodic payments from Plaintiff's third-party bank account.

17.  Section 11 stated: "We will not debit your account for more than the total amount of scheduled payments due and past due at the time we initiate a debit (plus additional charges and/or fees, as applicable)."

18. Neither Section 11, nor any other section of the loan agreement, nor any documents provided to Plaintiff at the time of the agreement's execution provided the telephone number and address of the person or office to be notified in the event the consumer would believe an unauthorized electronic transfer had been or might be effected, as required under 15 U.S.C § 1693c(a)(2).

19. Instead, Section 11 simply contained a sparse, one-sided sub-section entitled "Error Correction" which stated only: "In the event we make an error in processing any payment, you authorize us to initiate a payment to or from Your Bank Account to correct the error."

20. Neither Section 11, nor any other section of the loan agreement, nor any documents provided to Plaintiff at the time of the agreement's execution informed Plaintiff of the consumer's right to receive documentation of electronic fund transfers under 15 U.S.C. § 1693d, as required under 15 U.S.C § 1693c(a)(6).

21. Neither Section 11, nor any other section of the loan agreement, nor any documents provided to Plaintiff at the time of the agreement's execution provided a summary, in a form prescribed by regulations of the Bureau of Consumer Financial Protection, of the error resolution provisions of 15 U.S.C § 1693f and the consumer's rights thereunder, as required under 15 U.S.C § 1693c(a)(7).

22. Neither Section 11, nor any other section of the loan agreement, nor any documents provided to Plaintiff at the time of the agreement's execution informed Plaintiff of Defendant's financial institution's liability to the consumer under 15 U.S.C. § 1693h, as required under 15 U.S.C § 1693c(a)(8).

23. On May 5, 2017, there were insufficient funds in Plaintiff's bank account to cover her monthly payment.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

24. On May 7, 2017, Plaintiff went to Defendant's website and in the "contact us" section wrote a letter to Defendant requesting a permanent date change for her payment date due to a recent job change making it impossible for her to cover the payments on the original payment date, and requesting a new payment date around the 20th of each month.

25. That same day, May 7, 2017, Defendant confirmed to Plaintiff via email that Defendant had received Plaintiff's written request.

26. Upon information and belief, Defendant never followed up with Plaintiff to agree on a new date for payments to be taken from Plaintiff's bank account.

27. On or about May 15, 2017, with no authorization whatsoever, Defendant attempted to debit Plaintiff's bank account $630.31.

28. Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

29. Plaintiff's bank charged Plaintiff a bounce fee of $25 for the failed transaction.

30. On or about May 19, 2017, with no authorization whatsoever, Defendant successfully debited Plaintiff's monthly payment for the month of May in the amount of $630.31 from Plaintiff's bank account.

31. On or about May 22, 2017, with no authorization whatsoever, Defendant attempted to debit Plaintiff's bank account another $630.31.

32. Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

33. Plaintiff's bank charged Plaintiff a bounce fee of $25 for the failed transaction.

34. On or about May 31, 2017, with no authorization whatsoever, Defendant successfully debited Plaintiff's bank account another $630.31.

35. On June 5, 2017, Defendant emailed Plaintiff admitting that Defendant had withdrawn funds without any authorization.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

36.  In the same email Defendant stated that no further automatic payments would be taken from Plaintiff's bank account.

37.  On or about June 27, 2017, with no authorization whatsoever, Defendant attempted to withdraw from Plaintiff's bank account $630.31.

38.  Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

39.  Plaintiff's bank charged Plaintiff a bounce fee of $25 for the failed transaction.

40.  On or about July 6, 2017, with no authorization whatsoever, Defendant attempted to debit Plaintiff's bank account another $630.31.

41.  Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

42.  Plaintiff's bank charged Plaintiff a bounce fee of $25 for the failed transaction.

43.  On or about July 11, 2017, with no authorization whatsoever, Defendant attempted to debit Plaintiff's bank account another $630.31.

44.  Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

45.  Plaintiff's bank charged Plaintiff a bounce fee of $25 for the failed transaction.

46.  On or about August 4, 2017, with no authorization whatsoever, Defendant attempted to debit Plaintiff's bank account another $630.31.

47.  Defendant's attempt failed because there were insufficient funds in Plaintiff's bank account.

48.  Defendant's barrage of repeated unauthorized and unlawful withdrawals and attempted withdrawals caused Plaintiff to incur numerous fees, charges, and detrimental credit notations aside from the aforementioned bounce fees because they caused various other scheduled automatic payments to bounce.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

49. Plaintiff finally determined that she had no choice to stop the onslaught but to close her bank account and lose the $1500 line of credit it had afforded her since 1998.

50. By the time Plaintiff closed her bank account she had accumulated at least $1925 in bank fees due to Defendant's wrongful actions.

51. Defendant's actions have caused Plaintiff substantial actual, consequential and incidental damages.

52. Defendant's actions have caused, and continue to cause Plaintiff substantial stress and anxiety.

53. Defendant's actions were willful because Defendant confirmed in writing that it knew Plaintiff had requested a date change and Defendant still chose to simply try debiting Plaintiff's account numerous times instead of doing what Defendant knew was the correct thing to do and asking Plaintiff if and when Defendant could take out further payments from Plaintiff's account.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. §1693, ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA, included but not limited to violations of 15 U.S.C § 1693c(a)(2), 15 U.S.C § 1693c(a)(6), 15 U.S.C § 1693c(a)(7); 15 U.S.C § 1693c(a)(8); 12 C.F.R 205; 15 U.S.C. § 1693f(a)(3); and 15 U.S.C. § 1693f(b).

56. As a result of each and every violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); treble damages under 15 U.S.C. § 1693f(e); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

### SECOND CAUSE OF ACTION

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

CONVERSION

57.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.   Defendant intentionally took monies from Plaintiff's bank account.

59.   At all times, Plaintiff owned and/or had full possessory rights over the funds in her bank account.

60.   At all times, Defendant had no possessory rights to the funds in Plaintiff's bank account.

61.   Defendant prevented Plaintiff from having access to and full deprived Plaintiff of any possessor rights or enjoyment of Plaintiff's monies as described above.

62.   The conduct of Defendant was willful, oppressive, fraudulent, malicious, and outrageous.

63.   Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above, and causing Plaintiff consequential and incidental damages as described above.

64.   Defendant further caused Plaintiff to suffer emotional distress.

65.   The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

66.   Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

THIRD CAUSE OF ACTION<br>BREACH OF CONTRACT

67.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68.   Defendant agreed in the loan agreement to the following contractual term: "[Defendant] will not debit your account for more than the total amount of

KAZEROUNI LAW GROUP, APC<br>6069 S. Fort Apache Rd., Ste 100<br>Las Vegas, NV 89148

1  scheduled payments due and past due at the time we initiate a debit (plus
2  additional charges and/or fees, as applicable)."

3  69.   Defendant breached its contract when or about May 31, 2017, with no
4        authorization whatsoever, Defendant debited Plaintiff's bank account for
5        $630.31 that was not due at the time.

6  70.   Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value,
7        and enjoyment of the monies, and causing Plaintiff consequential and
8        incidental damages as described above.

9  **PRAYER FOR RELIEF**

10        Plaintiff respectfully requests the Court grant Plaintiff the following relief
11  against Defendant:

12  •  An award of actual damages pursuant to 15 U.S.C. §1693m(a)(1);

13  •  An award, under 15 U.S.C. § 1693f(e), of treble damages calculated
14     according to actual damages under 15 U.S.C. §1693m(a)(1);

15  •  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
16     §1693m(a)(2)(A);

17  •  An award of costs of litigation and reasonable attorneys' fees pursuant to
18     15 U.S.C. §1693m(a)(3);

19  •  General and special damages in an amount to be proven;

20  •  Punitive damages in an amount to proven as to the Second Cause of
21     Action; and

22  •  Any other relief this Court deems just and proper.

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148

## TRIAL BY JURY

71.   Pursuant to the seventh amendment to the Constitution of the United States of
America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 27th day of December 2017.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
        Michael Kind, Esq.
        6069 S. Fort Apache Rd., Ste. 100
        Las Vegas, NV 89148
        *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148